NO. 07-03-0342-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2004

_____


JOSEPH EMILIO SAUCEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 9TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 03-05-03403-CR; HONORABLE FRED EDWARDS, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


ORDER OF ABATEMENT AND REMAND

Appellant Joseph Emilio Sauceda has given notice of appeal from a conviction and sentence in Cause No. 03-05-03403-CR in the 9th District Court of Montgomery County, Texas (the trial court), for arson. The appellate court clerk received and filed the trial court clerk's record on July 25, 2003, and received and filed the trial court reporter's record on December 9, 2003.

This court has granted three extensions of the time for filing appellant's brief. The brief was due on April 13, 2004, pursuant to the most recent extension of time granted for filing of the brief. On April 16, 2004, the appellate clerk received and filed a fourth motion to extend the time for filing appellant's brief.

Appellant's fourth motion for extension of time for filing his brief is based on the allegation that potential material witnesses not called at trial are incarcerated in the TDC-Institutional Division, and are "believed to be housed in the Texas City and Edinburg facilities. The great distance to these facilities has prohibited counsel from visiting these witnesses." The same basis was given for two prior motions, although prior motions also were based on the assertion that one State's exhibit was not attached to the reporter's record. Counsel has not demonstrated or set out any effort made to visit the referenced witnesses, or to prosecute appellant's appeal.

This appeal is abated and the cause is remanded to the trial court. Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should

cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than June 15, 2004.

Per Curiam

Do not publish.